IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAIN DROP FOUNDATION, INC. D/B/A RAINDROP TURKISH HOUSE,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, and MANCIL W. BACCUS, JR.,<br><br>Defendants. | Case No. 24-1101-D |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 7]. In the motion and subsequent briefing, the parties dispute the joinder of Defendant Mancil W. Baccus Jr. ("Baccus"), an agent involved in Plaintiff's procurement of an insurance policy with Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant").

In its notice of removal [Doc. No. 1], State Farm alleges Plaintiff fraudulently joined Baccus, an Oklahoma resident, to defeat diversity jurisdiction. For the reasons that follow, the Court agrees with State Farm and denies Plaintiff's motion to remand; claims against Baccus are dismissed without prejudice and without leave to amend.

## BACKGROUND

State Farm is an insurance company organized under the laws of Illinois and with its principal place of business in Illinois.

1

State Farm insures Plaintiff through a business owner's replacement cost insurance policy (the "Policy"). Plaintiff's insured business is located in Oklahoma. Baccus, also an Oklahoma resident, procured the Policy for Plaintiff.

On or about May 4, 2022, a storm damaged Plaintiff's property, blowing shingles off the roof. State Farm investigated. It determined that repair, rather than replacement, was necessary to return the property to its pre-loss condition. State Farm estimated that, after applying the Policy's $1,000 deductible, the repair would cost $4,694.49.

Plaintiff hired a public adjuster. The adjuster conducted its own investigation and concluded that the roof required a full replacement—costing roughly $162,621.35. The adjuster further determined that Plaintiff's shingles had been discontinued—providing an additional reason to replace the entire roof as the Policy required State Farm to provide shingles of a similar quality.

State Farm refused to replace the roof. According to State Farm, repair was sufficient, and shingles of the same quality were available.

Plaintiff filed suit in Oklahoma County District Court against State Farm. Plaintiff alleged breach of contract and breach of its duty of good faith and fair dealing.

Against Baccus, Plaintiff alleged (1) negligent procurement and (2) constructive fraud and negligent misrepresentation. In support of its claims, Plaintiff asserted the following:

- State Farm's agents financially benefit from a scheme by which State Farm fraudulently denies meritorious claims.

- Baccus failed to disclose his financial benefit in that scheme to Plaintiff.

- Baccus told Plaintiff that, if the damaged shingles were discontinued the entire roof would be replaced in conformance with the manufacturing specifications. Baccus "further explained this was true because the Policy term, 'similar construction' guaranteed replacement with identical or near identical equivalents of quality[.]"

- Baccus never advised Plaintiff that its property had any pre-existing damage or other conditions that would exclude or limit application of the replacement cost coverage.

State Farm removed the action, alleging Baccus was fraudulently joined to defeat complete diversity.

## STANDARD OF DECISION

To establish fraudulent joinder, the removing party "must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Defendant bears the burden of establishing that federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

Removal statutes are "strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," State Farm must show that there is no possibility that Plaintiff would be able to establish a cause of action against Baccus in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. June 4, 2013) (unpublished)

(citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

Upon specific allegations of fraudulent joinder, "the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967).[1]

The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2.

## ANALYSIS

State Farm argues Plaintiff (1) engaged in actual fraud and (2) Plaintiff is unable to establish a cause of action against the non-diverse party.

### I. Actual Fraud

As proof of fraud, Defendant cites multiple similar cases in which Plaintiff's counsel alleges the same, or similar, misconduct on the part of an insurance agent. *See Gary Lyle and Melanie Lyle v. State Farm Fire & Cas. Co. and Michael Garey Ins. Agency, Inc.*, CJ-

---

[1] "In determining whether there was fraudulent joinder, it is appropriate to consider evidence submitted in affidavit form, and to take facts submitted in affidavit form but not challenged by counter affidavits or other evidence, as established." *Mitchell v. Ford Motor Co.*, No. CIV-05-379-F, 2005 WL 1657069, at *2 (W.D. Okla. July 5, 2005) (citing *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958)).

2024-183 in Cleveland County; *Debra Lenhart v. State Farm Fire & Cas. Co. and Greg Ellis Ins. Agency, Inc.*, CJ-2024-836 in Cleveland County; *Marcus Bruso and Ruth Bruso v. State Farm Fire & Cas. Co. and Bronson Schubert Agency, Inc.*, CJ-2024-1157 in Cleveland County; *Dean Carson v. State Farm Fire & Cas. Co. and Jason Strickland*, CJ-2024-1847 in Tulsa County.

The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder. As Judge Russel noted in *Norman v. State Farm Fire & Cas. Co.*, No. CIV-24-1132-R, 2025 WL 342871, at *4 (W.D. Okla. Jan. 30, 2025), courts are generally uncomfortable with the "nearly identical allegations levied against insurance agency defendants in these cases[.]" That does not mean that courts are "persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this [particular] action." *Id.* Although the cookie-cutter character of the allegations here is suspicious, it is not necessarily indicative of fraud.

As additional proof of fraud, however, Defendant cites ¶ 19 of Plaintiff's amended petition. There, Baccus allegedly explained that the Policy's term "'similar construction,' guaranteed replacement with identical or near identical equivalents of quality."[2]

As Defendant points out, this exchange could not have occurred. The term "similar construction" does not appear in the Policy. Furthermore, the term "similar construction" *does appear* in Plaintiff's counsel's case *Towe et al v. State Farm Fire and Casualty*

---

[2] In ¶¶ 31, 39, 41, and 46, Plaintiff reincorporates ¶ 19 to contend Baccus's alleged mis-explanation was part of Baccus's wrongful conduct.

*Company et al.*, No. CIV-22-884-G (W.D. Okla. Oct. 11, 2022) (Doc. No. 1), lending credence to the possibility that there is no good faith basis by which to allege ¶ 19 in this action.

In its reply, Plaintiff generalizes its originally specific allegation. It now argues that Baccus merely represented "that the Policy would provide for repairs in accordance with the manufacturing instructions and with the same or equivalent materials" [Doc. No. 9, at pp. 6].

The Court finds Plaintiff's attempt to recharacterize its allegations insufficient. As Judge Heaton noted in a similar case, "No presumption against removal jurisdiction can or should insulate a plaintiff from misrepresentations like those involved here[.]" *State Farm v. Baltasar*, No. CIV-22-0928-HE (W.D. Okla. Aug. 8, 2023) (Doc. No. 26, at pp. 3). Attorneys have a duty to ensure that, after reasonable inquiry, factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). As Judge Heaton put it, courts should not "play plaintiff's—more accurately plaintiff's counsels—game." *Baltasar*, No. CIV-22-0928-HE (W.D. Okla. Aug. 8, 2023) (Doc. No. 26, at pp. 3). The Court therefore finds Plaintiff's allegations regarding Baccus's representations about the quality of the coverage provided to have no actual basis in fact.

Plaintiff's allegations against Baccus are, however, more extensive. The Court therefore declines to dismiss all of Plaintiff's claims based on fraud. *Contra id.* ("In short, virtually none of the factual allegations upon which plaintiff relied to state a purported claim against [the agent] have proven to be true.").

6

II. **Plaintiff's ability to establish a cause of action against the non-diverse party in state court**

Plaintiff asserts two claims against Baccus: (1) negligent procurement and (2) constructive fraud and negligent misrepresentation.

A. *Negligent Procurement*

Under Oklahoma law, insurance agents have a duty to "act in good faith and use reasonable care, skill and diligence in the procurement of insurance[.]" *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. 2008) (citation omitted). The agent is liable for negligent procurement "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Id.*

In the instant case, accepting Plaintiff's pleadings as true and applying Plaintiff's allegations to the elements of negligent procurement, the allegations cannot result in the Plaintiff's proposed damages. As requested, Baccus procured replacement cost insurance. Plaintiff's alleged damages arose, not because of the type of insurance procured, but because State Farm refused to replace Plaintiff's roof.

The case is similar to *Steinkamp v. State Farm Fire and Casualty Ins. Co. et al.*, No. CIV-22-0047-PRW at *5 (W.D. Okla. Sept. 29, 2023). There, the plaintiff alleged the insurance agent had negligently failed to procure a replacement cost homeowner's policy. *Id.* Judge Wyrick, however, found such a policy is in fact what the insured received. As Judge Wyrick explained, "State Farm denied the claim not because of the type of policy [the agent] procured, but because it determined that [the plaintiff's] roof did not sustain a covered loss." *See also Goebel v. State Farm*, No. CIV-22-0882-HE (W.D. Okla. Aug. 7,

2023) (Doc. No. 59 at pp. 6) (denying remand partly because it was "undisputed that the policy [the insureds] wanted—a full cost replacement policy—is exactly what they got."); *Marino v. State Farm,* No. 5:22-cv-00885-HE (W.D. Okla. Aug. 7, 2023) (Doc. No. 52 at pp. 5) (denying remand partly because the policy "the [insureds] wanted—one for full cost replacement coverage of their property—was in fact delivered."). The same is true here.

Plaintiff counters, arguing the instant action is similar to this Court's decisions to remand in *Kyger v. State Farm Fire & Cas. Co.*, 649 F. Supp. 3d 1200 (W.D. Okla. 2022) and *Nelson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1189 (W.D. Okla. 2022).

In both cases, State Farm denied the plaintiffs' claims partly because of pre-existing damage. *Kyger*, 649 F. Supp. 3d at 1203-04; *Nelson*, 647 F. Supp. 3d at 1194-95. Furthermore, the insurance agent had allegedly underwritten the plaintiffs' respective policies and may have, through negligence or constructive fraud, failed to communicate the consequences of the preexisting damage. *Kyger*, 649 F. Supp. 3d at 1203-04; *Nelson*, 647 F. Supp. 3d at 1194-95. In both cases then, as specifically noted in *Nelson*, the dispositive issue requiring remand was the insurance agent's arguable implication in the allegedly negligent underwriting. *See Nelson*, 647 F. Supp. 3d at 1194-95. Because underwriting is not an issue here, both cases are inapposite.

Plaintiff further cites *Phillips v. State Farm Fire & Cas. Co.*, No. CIV-22-982-D, 2023 WL 336142 (W.D. Okla. Jan. 20, 2023). There, like here, the plaintiff alleged that the insurance agent "represented the phrase 'similar construction,' as used (and undefined) in Plaintiffs' Policy meant identical or near identical product replacement[.]" *Id.* at *3. Partly because the term "similar construction" may have been part of the policy in that case, and

8

because it was uncontested that State Farm had replaced the windows with inferior products, this Court remanded the action. *See Phillips*, No. CIV-22-982-D, 2023 WL 336142, (Doc. No. 14, at pp. 6) (State Farms' Res. Mot. Rem.) (failing to contest whether the term "similar construction" was in the policy).

Unlike in *Phillips*, the Court has found that Plaintiff's allegations concerning Baccus's specific representations that the Policy would provide "similar construction" have no basis in fact. *Phillips* does not, therefore, provide guidance.

The Court finds Plaintiff is unable to establish negligent procurement against Baccus.[3]

B. *Constructive Fraud and Negligent Misrepresentation*

Under Oklahoma law, the claim for constructive fraud and negligent misrepresentation consists of three elements: "[1] any breach of duty which, without an actually fraudulent intent, [2] gains an advantage to the person in fault, or anyone claiming under him, by [3] misleading another to his prejudice…." Okla. Stat. tit. 15, § 59.

Plaintiff contends that Baccus owed a duty to disclose the financial benefit he allegedly gained from State Farm's "scheme to wrongfully deny or underpay valid claims." Plaintiff does not cite, and this Court has not found, a duty under Oklahoma law whereby insurance agents must disclose the basis of their compensation.

Even accepting that such a duty might exist, however, the Court is unable to make

---

[3] Plaintiff's allegations in ¶ 21 of the petition—that Baccus failed to inform Plaintiff that the roof had preexisting damage—bear no relation to State Farm's reasons for not replacing the damage: because repair was adequate. The allegations contained in the paragraph are therefore irrelevant.

out a causal nexus between Baccus's actions at the procurement stage and Plaintiff's alleged prejudice at the coverage determination stage. As stated above, the policy sought was the policy received. Any disagreement about the extent of the hail damage suffered, the decision to repair rather than replace the roof, or the adequacy of the replacement shingles, is with State Farm alone. Construing all facts in the light most favorable to Plaintiff, Baccus's alleged financial benefits from State Farm's alleged scheme do not create a cause of action against Baccus where all relevant disputes relate to the coverage decision.

Plaintiff further alleges Baccus misrepresented the character of Plaintiff's policy. According to Plaintiff, Baccus stated the Policy provided "comprehensive replacement cost coverage that would protect the property (including the roof) without exclusion, limitation or conditions from all fortuitous losses, and that all weather-related damage, regardless of severity, was covered."

Accepting these allegations as true, such a policy is what Plaintiff received. Under Plaintiff's policy, the roof was repaired. As Judge Heaton stated in a similar case, purchasing a replacement cost policy "does not mean that an insured is guaranteed that its claims will always be paid in full." *Marino,* No. 5:22-cv-00885-HE (W.D. Okla. Aug. 7, 2023) (Doc. No. 52 at pp. 9). Similarly, a replacement cost policy does not guarantee that a plaintiff's claims will be paid in the exact manner that the plaintiff desires. Representing that "comprehensive replacement cost coverage [ ] would protect the property (including the roof) without exclusion, limitation or conditions" does not affect this principal. To argue otherwise is to suggest that having a replacement cost policy entitles Plaintiff to a full

10

replacement of the roof upon submission of virtually any claim. That is not what Plaintiff alleges that Baccus represented.[4]

The Court finds Plaintiff is unable to establish a claim for constructive fraud and negligent misrepresentation against Baccus. The Court therefore finds Plaintiff is unable to make out any claim against Baccus in state court.

**IT IS THEREOFRE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 7] is **DENIED**.[5] The claims against Mancil W. Baccus Jr. are **DISMISSED** without prejudice, but without leave to amend in this action.

**IT IS SO ORDERED** this 21st day of February 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[4] Plaintiff's reliance on *Ford v. Liberty Mut. Ins. Co.*, No. CIV-19-925-G, 2020 WL 259554 (W.D. Okla. Jan. 16, 2020) is misplaced. There, Judge Goodwin found that, having undertaken the task of volunteering information about the insurance policy, the agent had a duty to inform the insureds about a specific exclusion for water damage. No such similar specific exclusion is alleged here.

[5] Plaintiff's cited authorities submitted in the Notice of Supplemental Authority [Doc. No. 10] do not change the analysis described above.