**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RAIN DROP FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1101-D |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery Against Defendant State Farm Fire and Casualty Company and Brief in Support. [Doc. No. 21]. Defendant State Farm Fire and Casualty Company (State Farm) filed a response [Doc. No. 27], to which Plaintiff filed a reply. [Doc. No. 29]. The matter is fully briefed and at issue.

**BACKGROUND**

Plaintiff is a business located in Oklahoma, insured by a State Farm business owner's replacement cost insurance policy. The business property was damaged by a storm on or about May 4, 2022. State Farm investigated the property and determined the repair would cost $4,694.49. State Farm refused to replace the roof.

On May 3, 2024, Plaintiff filed suit against State Farm and Mancil W. Baccus in Oklahoma County District Court. Plaintiff brought claims for breach of contract and breach of the duty of good faith and fair dealing against State Farm. Against Baccus, Plaintiff brought claims for constructive fraud and negligent misrepresentation. On October 21, 2024, State Farm removed the action to this Court.

On November 13, 2024, Plaintiff filed a motion to remand to state court. At issue was whether Baccus was fraudulently joined in the action. On February 21, 2025, the Court denied remand, finding that Baccus was fraudulently joined because Plaintiff was unable to establish a claim for constructive fraud and negligent misrepresentation against him. Accordingly, the claims against Baccus were dismissed without prejudice. Five months later, Plaintiff served its First Set of Discovery Requests on Defendant.

At issue in the instant discovery dispute are the following interrogatories: 1, 2, 5, 6, 14, 15, 16, 19, 20, and the following requests for production: 11, 12, 18, 19, 22, 24, 25, 28, 29, 30.[1]

**LEGAL STANDARD**

Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." The considerations that bear on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Thus, relevance for purposes of discovery remains broader than relevance for purposes of trial admissibility.

[1] In Footnote 1 of State Farm's brief, it suggests other interrogatories may be at issue. The Court, however, limits its consideration to the discovery requests identified in Plaintiff's motion.

Discovery is not, however, intended to be a "fishing expedition." *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotations and citation omitted). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. Nov. 17, 2010).

## DISCUSSION

### I. Interrogatory Nos. 1-2, 5: Identification of Persons Responsible for Answering the Discovery and Persons Having Knowledge of Issues in the Pleadings

#### A. Interrogatory No. 1

Interrogatory No. 1 requests the name, address, and job title of all persons participating in answering the interrogatories along with the interrogatory number each person helped answer. State Farm objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and seeks personal information of non-parties, and is overly broad and unduly burdensome.

In response Plaintiff argues these objections directly contravene FED. R. CIV. P. 33(b)(1)(B). This rule provides that "[t]he interrogatories must be answered . . . if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1)(B). It further argues FED. R. CIV. P. 33(b)(3) requires answers to be made under oath and Rule 33(b)(5) requires the person making the answers to sign them. *See*

FED. R. CIV. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."); *see also* FED. R. CIV. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

State Farm argues that the oath and verification requirement applies when the interrogatory is not objected to. Further, State Farm argues that Plaintiff fails to explain why the requested information is relevant. This interrogatory tracks generally the initial disclosure requirement found in FED. R. CIV. P. 26(a)(1). Such information is obviously relevant for discovery purposes, and Defendant's across-the-board objection is meritless. The interrogatory does not seek the substance of privileged communications or the disclosure of attorney work product. The motion to compel is granted regarding Interrogatory No. 1.

**B. Interrogatory No. 2**

State Farm next objects to Interrogatory No. 2. This interrogatory requests State Farm to:

> Identify all persons believed or known by you, your agent(s) or attorney(s), to have knowledge concerning any of the issues raised by the pleadings, and specify the issues for which each witness has knowledge. Include in your response the full name, title, address, and telephone number of each person identified.

State Farm objects that the interrogatory is vague, ambiguous, overly broad, and seeks confidential, proprietary business information. Further, State Farm states that it will produce its claim file for the claim at issue in this litigation and that it is withholding information protected by the attorney client privilege and/or work product doctrine.

In the motion, Plaintiff argues that, because State Farm stated it was withholding responsive documents, State Farm is required to provide a privilege log. And State Farm represented it would provide the claim file, but it has still not been provided. In response, State Farm argues it has not withheld any documents on the basis of privilege and it will produce any required privilege log in a timely fashion if documents are withheld pursuant to a claim of privilege. State Farm does not respond to Plaintiff's assertion regarding the claim file.

State Farm is ordered to provide the relevant claim file for Plaintiff's insurance claim. Further, to the extent it is withholding any material on the grounds of privilege, State Farm is ordered to contemporaneously provide a proper privilege log to Plaintiff. The motion as to Interrogatory No. 2 is granted to the extent stated herein.

**C. Interrogatory No. 5**

Interrogatory No. 5 requests the following:

> For each document provided by Defendant in its responses to these discovery requests: 1) Identify the custodian of the document produced; b) State where the original of the document or information is ordinarily located; and c) State how such document or information is ordinarily stored, housed, or maintained (for instance, on paper, computer, etc.).

State Farm objects to this Interrogatory on the grounds that it is not relevant, not proportional, and seeks impermissible "discovery-about-discovery."

In its motion, Plaintiff argues that it needs to be able to identify the custodians of the discovery at issue so it can confirm a reasonable search was conducted and to authenticate the documents. Plaintiff asserts that State Farm only searches a discovery database for responsive documents that was previously created for litigation in Oklahoma,

rather than performing an "organic search of documents in its possession outside of this database." [Doc. No. 21, at 14]. State Farm argues that "[i]t is well-established that discovery on discovery . . . is not relevant or permitted unless there is some tangible, specific evidence of a discovery failure." [Doc. No. 27, at 28].

Although Plaintiff claims there is a discovery failure due to State Farm's alleged litigation database, the Court finds Plaintiff has not shown a specific discovery failure. Further, "[c]ourts look upon such discovery with skepticism and it is strongly discouraged." *Fish v. Air & Liquid Sys. Corp.*, Case No. CIV-GLR-16-496, 2017 WL 697663, at *17 (D. Md. Feb. 21, 2017) (citation omitted). *See also Est. of Bailet by and through Searcy v. City of Colo. Springs, Colo.*, Case No. 20-cv-02600-WJM-KMT, 2021 WL 2912921, at *2 (D. Colo. July 12, 2021) ("Comment 6.b. to Principle 6 of The Sedona Principles, Third Edition suggests that discovery about discovery should be allowed only if the requesting party can come forward with specific, tangible evidence of a material discovery failure."). Still, there is nothing inherently improper about seeking information regarding custodians of documents, and where the documents are maintained. Thus, Defendant is directed to answer the interrogatory, and in doing so, it may reasonably address its answer to categories or batches of documents produced.

Accordingly, Plaintiff's motion as to Interrogatory No. 5 is granted in part.

## II. Interrogatory Nos. 6, 16, 19, 20; and Request for Production Nos. 19, 22, 28-30: Policies, Procedures, Guidelines, and Training Manuals

Interrogatory Nos. 6, 16, 19-20, and Request for Production Nos. 19, 22, 28-30 all seek policies, procedures, guidelines, and/or training manuals. State Farm lodges several objections to each request.

Interrogatory Nos. 6 and 16, and Request for Production No. 22, all seek the materials State Farm uses to train its personnel on how to determine and assess wind and/or hail damage and the methods used to train, evaluate, and monitor State Farm adjusters.

Interrogatory No. 19 seeks information regarding materials providing adjusters direction involving circumstances where shingles are no longer manufactured. Interrogatory No. 20 asks for information regarding materials providing direction to adjusters on how to evaluate whether replacement shingles are reasonably consistent materials. Request for Production No. 19 requests State Farm to "[p]roduce all training materials, manuals, guidelines, policies, and procedures related to the replacement of the commercial property with materials of like kind and quality."

Request for Production No. 28 requests production of materials providing guidance on adjusting claims where a roofing manufacturer discourages or prohibits mixing new shingles with discontinued shingles. Request for Production No. 29 requests production of materials providing guidance to adjusters where using an alternative shingle would void the roofing manufacturer's warranty. And Request for Production No. 30 requests production of materials providing guidance to claim handlers as to the repairability of an asphalt shingle roof.

State Farm argues these requests are facially overbroad and irrelevant. Further, they lack reasonable geographic, topical, or temporal limitations. Additionally, State Farm states it has offered to produce:

> Plaintiff's claim file, which reflects the application of State Farm claim procedures to Plaintiff's claim; the Standard Claims Procedures and Operational Guidelines in effect at the time of the date of Plaintiff's loss; and guidelines relating to TAMKO or other discontinued shingles that were provided to the personnel who adjusted Plaintiff's claim for the period from two years prior to Plaintiff's date of loss until the date Plaintiff filed this lawsuit, including any guidelines that were in effect at the time of the handling of Plaintiff's claim. State Farm will also produce the training transcripts (and relevant training) for other individuals directly involved in handling Plaintiff's claim and, as noted above, the [Estimatics and Claims Handling Practices] applicable to the weather event that gave rise to Plaintiff's claim under the Policy.

[Doc. No. 27, at 18].

The Court finds the requested documents are relevant as they could lead to information regarding the handling of Plaintiff's claim, including how the relevant State Farm adjusters were trained to handle it. However, the Court does agree that the requests should be narrowed in scope. The five-year period is reasonable, especially because the damage is alleged to have occurred in 2024. Any shorter temporal scope risks excluding relevant, discoverable materials. But the Court limits the scope of the materials sought to the information provided to the adjusters directly involved in the handling of Plaintiff's claim.[2] The Court finds the materials State Farm asserts it offered to produce sufficient to narrow the scope of the requests.

---

[2] These are the same individuals referenced *infra* in Section IV. If an adjuster is said to have been directly involved in the handling of Plaintiff's claim for purposes of Section IV, they are also directly involved in the handling of Plaintiff's claim in this Section.

Accordingly, State Farm is ordered to produce Plaintiff's claim file, the Standard Claims Procedures and Operational Guidelines in effect at the time of the date of Plaintiff's loss, the guidelines relating to TAMKO and/or other discontinued shingles that were provided to the personnel who adjusted Plaintiff's claim, including guidelines that were in effect at the time of the handling of Plaintiff's claim. Further, State Farm is ordered to produce transcripts and other relevant training materials for the individuals directly involved in the handling of Plaintiff's claim. State Farm is to produce all such relevant materials for the last five years.

### III. Interrogatory Nos. 14-15: Evidence of Plaintiff's Failure to Comply with Policy Terms and/or Mitigate Damages

Interrogatory No. 14 provides: "If State Farm maintains Plaintiffs failed to comply with the terms of the Policy, please set forth (a) all facts in support thereof; (b) all Persons with supporting knowledge; and (c) all documents and other evidence that may support such contention." Interrogatory No. 15 states "[i]f State Farm contends Plaintiff failed to mitigate their damages, please set forth (a) the facts that support each contention; (b) all persons with knowledge to support such contention; and (c) all documents and other evidence that may support such contention."

State Farm objects on the grounds that these interrogatories are overbroad and an invasion of the attorney-client privilege and/or work-product doctrine. Further, State Farm alleges these are improper contention interrogatories.

"Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007)

(citing *Starcher v. Corr. Med. Sys. Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998) *aff'd sub nom. Cunningham v. Hamilton Cnty.*, 527 U.S. 198 (1999)). These interrogatories "ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all evidence on which it bases its contentions, or to explain how the law applies to the facts." *Lucero*, 240 F.R.D. at 594. (citing *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 490 (D. Conn. 1996)).

Other judges in this district and elsewhere have recognized that certain contention interrogatories are generally viewed as "a perfectly permissible form of discovery." *Jobson v. United States ex rel. Dep't of Veteran Affairs*, No. CIV-17-754-SLP, 2018 WL 8299885, at *4 (W.D. Okla. Aug. 27, 2018) (quoting *EC Source Servs. v. Burndy LLC*, No. 2:16-cv-122-JNP, 2018 WL 3625330 at *2 (D. Utah July 30, 2018)). But contention interrogatories seeking "'all facts' supporting allegations of a claim or defense are overly broad and unduly burdensome." *Taylor v. Boise Cascade Express, a Div. of Boise Cascade Off. Prod.*, No. CIV-04-0266-L, 2004 WL 7332758, at *2 n.4 (W.D. Okla. Dec. 14, 2004) (citing *Hiskett v. Wal-Mart Stores*, 180 F.R.D. 403, 405 (D. Kan. 1998)).

The Court finds Interrogatory Nos. 14-15 are the type of contention interrogatories that are overly broad and unduly burdensome, as they seek an exhaustive rendition of facts and supporting evidence at this stage of the case. Accordingly, Plaintiff's motion as to Interrogatory Nos. 14-15 is denied.

## IV. Request for Production Nos. 11-12: Personnel Files and Compensation

Request for Production No. 11 seeks the following:

> Produce copies of the personnel files for the following State Farm employees (excluding protected health information, worker's compensation claims, and any documents related to disability or FMLA/PTO); a) the person(s) involved in the adjustment of Plaintiff's claim(s); b) the person(s) involved in the supervision of Plaintiff's claim(s); c) the person(s) involved in the management of Plaintiff's claim(s); and d) the person(s) involved in the payment of Plaintiff's claim(s).

In its answer to Plaintiff's discovery requests, State Farm objects on the grounds that it is overly broad and unduly burdensome, not relevant or proportional, vague, and ambiguous. State Farm has agreed to produce the performance evaluation information for the adjusters directly involved in the handling of Plaintiff's claim, including Brent Zubriggen and Gloria Davis, but Plaintiff objects arguing that these two individuals were not the only ones who had substantial involvement in Plaintiff's claim. Rather, Plaintiff lists several other individuals allegedly involved in the handling of Plaintiff's claim.

"Courts must be cautious about ordering the disclosure of personnel files as they 'often contain sensitive personal information.'" *Young v. State Farm Fire & Cas. Ins. Co.*, CIV-24-1064, 2025 WL 837028, *1 (W.D. Okla. Mar. 17, 2025) (quoting *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008)). "This is not to say that personnel files are categorically out-of-bounds but that Rule 26(b)(1)'s relevancy requirement should be firmly applied." *Id.* (quotation and citation omitted).

State Farm is directed to produce the portions of the personnel files that it has agreed to turn over to the Plaintiff.[3] But the Court finds that Plaintiff is not entitled to the personnel files of other individuals. *See Waters v. Cont'l Gen. Ins. Co.*, Case No. 07-CV-282-TCK-

[3] This includes Brent Zubriggen, Gloria Davis, and any other individuals State Farm confirms were directly involved in handling Plaintiff's claim.

FHM, 2008 WL 2510039 (N.D. Okla. June 19, 2008) ("Defendant is required to produce this information only for those adjusters who actually handled some aspect of Plaintiff's claim."). Accordingly, Plaintiff's motion is **GRANTED in part** as to Interrogatory No. 11.

Request for Production No. 12 requests "all documents that set forth or relate to how compensation for persons responsible for handling and paying claims is determined, including but not limited to salary, bonuses, incentives, stock options and/or gifts."

Plaintiff alleges State Farm employee bonuses are in part based upon the financial results of State Farm. This is analyzed through a scorecard system that the adjusters and managers receive stating specific goals and bonuses. Plaintiff seeks those scorecards and the incentive plan documents and bonus and compensation formulas. Here, Plaintiff argues it is relevant because these bonus programs may have a direct impact on how State Farm's employees handle claims. In response, State Farm argues the requests are overbroad and lack relevance or proportionality to Plaintiff's claim.

State Farm objects based on relevance and proportionality, and that the request is vague and overly broad in scope and time. Specifically, State Farm objects that the request is not limited to personnel involved in the claim at issue. The Court finds that some, limited information of the type sought is relevant or could lead to the discovery of relevant information. Thus, the Court orders Defendant to produce responsive documents which pertain to the personnel involved in the claim at issue for two years before and two years after the date of loss.

Accordingly, Plaintiff's motion as to Request for Production No. 12 is granted in part.

## V. Request for Production Nos. 18, 24-25: Documents Reflecting the Condition of Plaintiff's Property

Finally, Plaintiff requests various documents reflecting the condition of its property. Request for Production No. 18 requests "all documents generated from or relating to State Farm's inspection of Plaintiff's commercial building conducted prior to the inception of the Policy." Request for Production No. 24 requests "copies of any and all evidence obtained by State Farm depicting the condition of Plaintiff's insured property at the inception of coverage with State Farm." And Request for Production No. 25 seeks "copies of any and all evidence obtained by State Farm to remain cognizant of any damage that may have occurred to Plaintiff's insured property from inception of the policy to present."

State Farm argues this information is irrelevant to Plaintiff's claims of bad faith. Specifically, it contends that neither the insurance policy nor the inspection of Plaintiff's property is at issue. Rather, it is State Farm's claim decision that is at issue.

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of that party." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648 (D. Kan. Nov. 14, 2006) (footnote omitted). Here, the Court finds that these requests are relevant to Plaintiff's claims. Specifically, this entire lawsuit is centered around State Farm's handling of Plaintiff's insurance claim. Thus, it logically follows that materials regarding the condition of Plaintiff's property are relevant.

Accordingly, Plaintiff's motion as to Requests for Production Nos. 18, 24-25 is **GRANTED**.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery Against Defendant State Farm Fire and Casualty Company and Brief in Support [Doc. No. 21] is **GRANTED in part** and **DENIED in part** as set forth herein.

**IT IS SO ORDERED** this 30th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE